IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00528-BNB

JAMES THOMAS ARGYS,

    Plaintiff,

v.

JUDGE JAMES SCHUM (in his personal capacity),
INDYMAC BANK F.S.B.,
LARRY G. JOHNSON,
ROBERT J. HOPP, and
THE HOPP LAW FIRM, LLC, fka
    HOPP & SHORE, LLC, fka
    DOWNEY & HOPP, LLC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, James Thomas Argys, filed *pro se* an amended complaint for money damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 (2003), and pursuant to 28 U.S.C. §§ 1331 and 1343 (2006). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the amended complaint liberally because Mr. Argys is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. Pursuant to 42 U.S.C. § 1983, Mr. Argys must allege that Defendants violated his rights under the Constitution and laws of the

United States while they acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Argys has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the complaint will be dismissed for lack of subject matter jurisdiction.

Mr. Argys claims that on July 29, 2002, he entered into a contract with Defendant IndyMac Bank for construction financing to build a home in Montrose, Colorado. He alleges that the bank agreed to provide permanent financing once construction was completed. He contends that the bank breached the terms of the contract by failing to provide the full amount necessary to complete construction. As a result, he alleges that he was unable to complete construction or to receive permanent financing, the bank declared a default of the construction loan, and the bank commenced foreclosure proceedings. He asserts that on January 15, 2008, Defendant Judge James W. Schum ordered the sale of Mr. Argys home to be conducted by the Ouray County, Colorado, sheriff. Defendants Larry G. Johnson and Robert J. Hopp of the Hopp Law Firm appear to have been involved in the foreclosure proceedings.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be

raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the amended complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Argys is asking the Court to review and reverse the January 15, 2008, order entered by Judge Schum directing the Ouray County sheriff to sell Mr. Argys' home. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court

pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *Jordahl*, 122 F.3d at 199. Finally, the *Rooker-Feldman* doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000).

As noted above, Mr. Argys is asking this Court to review and reverse the 2008 state court order entered by Judge Schum directing the Ouray County sheriff to sell Mr. Argys' home. Therefore, the Court finds that the complaint must be dismissed for lack

of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. ***See Van Sickle v. Holloway***, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

ORDERED that the amended complaint and action are dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this _15_ day of _April_, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00528-BNB

James Thomas Argys
283 Snowbush
Montrose, CO 81401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4-16-09

                          GREGORY C. LANGHAM, CLERK

By: _____Anju_____
             Deputy Clerk