IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00528-BNB

JAMES THOMAS ARGYS,

    Plaintiff,

v.

JUDGE JAMES SCHUM (in his personal capacity),
INDYMAC BANK F.S.B.,
LARRY G. JOHNSON,
ROBERT J. HOPP, and
THE HOPP LAW FIRM, LLC, fka
    HOPP & SHORE, LLC, fka
    DOWNEY & HOPP, LLC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 16 2008

GREGORY C. LANGHAM
                CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, James Thomas Argys, filed *pro se* on April 23, 2008, a "Motion to Alter or Amend Pursuant to Rule 59(e)." Mr. Argys asks the Court to reconsider and vacate the Court's Order of Dismissal and Judgment filed in this action on April 16, 2008. The Court must construe the motion liberally because Mr. Argys is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was entered on April 16, 2008. Mr. Argys filed the motion to reconsider within ten days after the Judgment was entered. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See **Van Skiver***, 952 F.2d at 1243.

The Court dismissed the instant action for lack of subject matter jurisdiction as barred by the ***Rooker-Feldman*** doctrine, which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See **District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 486 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923). Despite Mr. Argys' protests to the contrary, he is attacking in this civil rights action the 2008 state court order entered by Judge Schum directing the Ouray County, Colorado, sheriff to sell Plaintiff's home.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Argys fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See **Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Argys does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court

remains convinced that the complaint and the action properly were denied. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Alter or Amend Pursuant to Rule 59(e)" filed on April 23, 2008, is denied.

DATED at Denver, Colorado, this 15 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00528-ZLW

James Thomas Argys
283 Snowbush Drive
Montrose, CO 81401

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_5/14/08\_\_

                       GREGORY C. LANGHAM, CLERK

                       By: _____
                                  Deputy Clerk